### In the Matter of the Estate of JOHANN FRIEDRICH HACKFELD, Deceased.

Surrogate's Court, New York County, June 14, 1939.

*John T. Cahill, United States Attorney, Sam E. Whitaker, Asst. U. S. Atty. General, Harry LeRoy Jones* and *Frederick L. Smith, Attorneys for Dept. of Justice* [*Frederick Brrnays Wiener, Special Attorney, Dept. of Justice,* and *George B. Schoonmaker, Asst. U. S. Attorney,* of counsel], for the United States, plaintiff in District Court action.

*Reuben D. Silliman* [*George W. Whiteside* of counsel], for the petitioner.

FOLEY, S. The application for an order permitting the disbursement of funds now in the hands of the ancillary executor for the purpose of paying counsel fees in connection with the appeal by the ancillary executor from the judgment entered in the United States District Court for the Southern District of New York on April 7, 1939, and for the payment of the disbursements in connection with said appeal is denied.

It has been determined by the judgment recovered by the United States that there is due and owing from the ancillary executor, the defendant in that action, the sum of approximately $16,000,000. The recovery was based upon the fraud by the decedent in the procurement of moneys and other property by misrepresentation to the officials of the Federal government of the true status of the decedent as an alien enemy. The complaint of the government alleged that the moneys and securities were originally held in trust by the Alien Property Custodian and that the funds remaining in the possession of the ancillary executor were all a part of the proceeds of the payments improperly made by the Alien Property Custodian to the decedent. In substance, therefore, restitution has been decreed. The amount in cash and the value of the securities presently in the hands of the ancillary executor aggregates $800,000.

They constitute ear-marked funds belonging to the Federal government which, by reason of the judgment, can no longer be subjected to administration expenses including compensation of attorneys for services rendered in connection with the attempt to reverse the judgment upon appeal.

It is an elementary rule of the law of the administration of estates that where funds and property have been traced and identified as the funds and property of another person, they may not be subjected to the payment of funeral expenses, commissions, administration expenses or debts. Such funds and property do not constitute estate assets and their misapplication or diversion to improper purposes constitutes a breach of trust. (*Matter of Manning*, 244 App. Div. 9; affd., *sub nom, Matter of Dunbar & Sullivan Dredging Co.* v. *Fidelity & Deposit Co.*, 268 N. Y. 690; *Matter of Kornder*, 168 Misc. 554; *Matter of Accles*, 153 id. 421; affd., 245 App. Div. 743.)

In *Matter of Manning* (*supra*) the decedent had funds on deposit in a bank in his name of which $1,000 was the property of a dredging company by which he was employed as superintendent. The courts found ownership of this amount to be in the corporation. It had been the custom of the company to send to the decedent various sums of money which he deposited in his own name in the bank and upon which he drew checks for various items of company expenses. His administratrix collected the company's funds in the bank account at the date of his death and used them for the payment of funeral expenses, administration expenses and debts. It was held that the company was entitled to the diverted amount with interest and without deduction for any estate charges whatsoever. In default of her ability to make restitution the surety on her bond was held liable.

It would be obviously improper under the circumstances in the present case to authorize the withdrawal of funds which are now judicially identified as belonging to the United States. The contention of counsel for the Government is therefore sustained.

The prior order authorizing certain expenditures for counsel fees and other charges in no way affects the disposition of the present application. It was entered upon the consent of the government through its attorney. It was likewise made before the entry of the judgment which defined and segregated the present funds and property as no longer assets of the estate.

It should be noted in addition that the payment of the sum of $2,000 for commissions to the ancillary executor was not authorized by the prior order and was violative of its terms.

Submit order on notice accordingly.